UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA C. SALAZAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BROWN, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1336-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

In the complaint (ECF No. 1), plaintiff alleges that he broke his hand in his cell on January 23, 2019, while experiencing a serious mental breakdown. Plaintiff and his cellmate informed defendant correctional officer Brown of plaintiff's injury and of the extreme pain plaintiff was experiencing. Brown responded that it was time for her to leave and did not want to

be bothered. However, Brown's partner, correctional officer Woods, called the medical clinic to report plaintiff's injury. When plaintiff arrived at the clinic, defendant nurse Grant informed plaintiff that defendant doctor Singh was aware of plaintiff's injury and had instructed that plaintiff allow it to heal on its own. Plaintiff complained to Grant about the excruciating pain but she provided him with no medical care. Five days after sustaining the injury, plaintiff was seen by Dr. Singh, who said there was nothing he could do. After complaining for weeks, plaintiff was finally sent to an outside hospital where a cast was put on his hand. Plaintiff claims that defendants Brown, Grant, and Singh were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

To establish deliberate indifference for purposes of an Eighth Amendment claim, a claimant must allege that: (1) he had a serious medical need; and (2) that defendant's response to that need was deliberately indifferent. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). "Prison officials are indifferent to prisoners' serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992). Plaintiff's allegations against defendants Grant and Singh are sufficient to survive screening. Brown's alleged failure to initially summon medical care, however, does not constitute deliberate indifference unless plaintiff can show that her conduct led to further injury. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).

Accordingly, plaintiff may either proceed only on the potentially cognizable Eighth Amendment claims against defendants Grant and Singh or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

<u>Leave to Amend</u>

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

/////

3

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 3) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint alleges, for screening purposes, a viable Eighth Amendment claims against defendants Grant and Singh.
4. All other claims in the complaint are dismissed with leave to amend within thirty days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this order may result in dismissal of this action.

DATED: February 11, 2020.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA C. SALAZAR,<br><br>  Plaintiff,<br><br>  v.<br><br>BROWN, et al.,<br><br>  Defendants. | No. 2:19-cv-1336-EFB P<br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the Eighth Amendment claim against defendants Grant and Singh;

OR

(2) _____ delay serving any defendant and files an amended complaint.

_____
                                                                                      Plaintiff

Dated: